# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COREY KING, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 16-634 |
| | ) | Judge Nora Barry Fischer/ |
| v. | ) | Chief Magistrate Judge Maureen P. Kelly |
| | ) | |
| ROBERT GILMORE, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that pursuant to the Prison Litigation Reform Act's screening provisions, the Plaintiff's Complaint, ECF No. 4, be dismissed before being served upon the Defendant because the Complaint fails to state a claim upon which relief can be granted.

### II. REPORT

Corey King ("Plaintiff") is currently incarcerated at the State Correctional Institution in Greene ("SCI-Greene"). He was transferred there on January 26, 2016 and immediately placed in Administrative Custody ("AC") status in the Restricted Housing Unit ("RHU") because, according to the Complaint, there was no cell available in the general population. Plaintiff complains that because he spent 32 days in the RHU under AC status, his constitutional rights were violated. However, because his Complaint fails to show the deprivation of a liberty interest or any cruel and unusual punishment, the Complaint fails to state a claim upon which relief can

be granted and should be dismissed pre-service pursuant to the screening provisions of the Prison Litigation Reform Act ("PLRA").

### A. RELEVANT PROCEDURAL AND FACTUAL HISTORY

Proceeding *pro se* and *in forma pauperis* ("IFP"), Plaintiff filed a civil rights Complaint, naming one Defendant, i.e., Robert Gilmore, the Superintendent of SCI-Greene. Plaintiff originally filed this suit in the United States District Court for the Eastern District of Pennsylvania, which transferred it to this District since the actions complained of occurred within the territorial boundaries of this District.

Plaintiff's Complaint alleges the following as the basis for his claim:

> Upon me entering SCI-Greene, I was put in the RHU on A/C status (Administrative Custody). I receive no write up, no notice of under investigation, nothing. I spent 32 days in the RHU and afterwards was place [sic] in General Population. During those 30 [sic] days, I was treated as though I commited [sic] a misconduct when none was given. (Phone calls 1 time a month, no contact visits, personal property limtation, [sic] handcuffed [and] shackeled [sic] every where I went.) I was placed under a (Bed Space Policy) that does not exist.

ECF No. 4 at 3. By way of relief, Plaintiff seeks $1,000.00 a day for each day he was under AC status in the RHU. Id. at 5.

Plaintiff does not make clear which constitutional rights that he claims were violated. Nevertheless, given the liberal reading of the Complaint required by Plaintiff's pro se status, it appears that Plaintiff could be claiming either a procedural due process violation or an Eighth Amendment violation. See id. at 12 (asserting that his stay in the RHU amounted to "cruel and unusual punishment").

### B. APPLICABLE LEGAL PRINCIPLES

In the PLRA, Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting civil rights actions brought by prisoners, in an effort to curb the increasing

number of frivolous and harassing law suits brought by persons in custody. The PLRA permits courts to screen complaints filed by prisoners and dismiss them before they are served if the complaints fail to state a claim or are frivolous or malicious. See Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). Because Plaintiff is a prisoner who has been granted IFP status and/or because Plaintiff sues government employees, and/or because Plaintiff is a prisoner suing about prison conditions, the screening provisions of the PLRA apply. See 28 U.S.C. § 1915A, ("[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."). See also 28 U.S.C. § 1915(e) ("[n]otwithstanding any filing fee, or any portion thereof, that may have been paid [by a prisoner granted IFP status], the court shall dismiss the case at any time if the court determines that– (A) the allegation of poverty is untrue; or (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."); 42 U.S.C. § 1997e (permitting courts to screen complaints concerning "prison conditions").

In performing the Court's mandated function of *sua sponte* review of complaints under 28 U.S.C. §§ 1915A and 1915(e) and 42 U.S.C. § 1997e, to determine if they fail to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See, e.g., Brodzki v. Tribune Co., 481 F. App'x 705 (3d Cir. May 8, 2012) (applying Rule 12(b)(6) standard to a claim dismissed under 28 U.S.C. § 1915(e)(2)); Courteau v. United States, 287 F.App'x 159, 162 (3d Cir. 2008) ("the legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915A is identical to the legal standard employed in ruling on 12(b)(6) motions."); Montanez

v. Pa. Health Care Service Staffs, Civ.A. No. 09-1547, 2011 WL 7417026, at *2 (W.D. Pa. Dec. 14, 2011), *report adopted by*, 2012 WL 602938 (W.D. Pa. Nov. 23, 2012).

As the United States Supreme Court explained in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), a complaint may properly be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Under this standard, the court must, as a general rule, accept as true all factual allegations of the complaint and all reasonable inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). In addition to the complaint, courts may consider matters of public record and other matters of which a court may take judicial notice, court orders, and exhibits attached to the complaint when adjudicating a motion to dismiss under Rule 12(b)(6). Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994). Moreover, under the 12(b)(6) standard, a "court need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001), *amended by,* 275 F.3d 1187 (9th Cir. 2001). The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

The question to be resolved is: whether, taking the factual allegations of the complaint, which are not contradicted by the exhibits and matters of which judicial notice may be had, and

4

taking all reasonable inferences to be drawn from those uncontradicted factual allegations of the complaint, are the "factual allegations . . . enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact[.]" Twombly, 550 U.S. at 555. Or put another way, a complaint may be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

Furthermore, because Plaintiff is pro se, courts accord an even more liberal reading of the complaint, employing less stringent standards when considering pro se pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519 (1972).

**C. DISCUSSION**

**1. Plaintiff Fails to State a Procedural Due Process Claim.**

Conducting a procedural due process analysis involves a two-step inquiry: the first question to be asked is whether the complaining party has a protected liberty or property interest within the contemplation of the Due Process Clause and, if so, the second question to be asked is whether the process afforded the complaining party comported with constitutional requirements. Shoats v. Horn, 213 F.3d 140, 143 (3d Cir. 2000).

A protected liberty interest may arise from one of two sources: 1) directly from the Fourteenth Amendment's Due Process Clause itself or 2) from state law. Hewitt v. Helms, 459 U.S. 460, 466 (1983). There is no liberty interest created directly by the Fourteenth Amendment that prevents an inmate from being subjected to AC status confinement. See Sandin v. Conner, 515 U.S. 472, 484 (1995) ("Conner asserts, incorrectly, that any state action taken for a punitive reason encroaches upon a liberty interest under the Due Process Clause even in the absence of

5

any state regulation"); Stephany v. Wagner, 835 F.2d 497, 499 (3d Cir. 1987)("the Due Process Clause does not give a prisoner a liberty interest in remaining in the general prison population").

Neither has Pennsylvania created a liberty interest in being free from AC status or disciplinary confinement. Addressing the issue of state created liberty interests, the United States Supreme Court in Sandin, 515 U.S. at 484, held that a state government "may under certain circumstances create liberty interests which are protected by the Due Process Clause. But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."

As succinctly explained:

> [t]he federal courts agree that Pennsylvania prisoners do not have any state created interest in specific housing. *See Jerry v. Williamson*, 211 F. App'x 110, 112 (3d Cir. 2006); *Bush v. Rendell*, Civil No. 1:10–2246, 2011 WL 7423475, 1 (M.D. Pa. Dec.19, 2011) (dismissing due process claim challenging transfer to county prison); *Johnson v. Hill*, 910 F.Supp. 218, 220 (E.D. Pa. 1996) (holding that prisoner placement is a matter of prison administration and a prisoner has no constitutional right to be placed in any particular cell or housing unit). In this regard, the Pennsylvania code clearly states that an inmate does not have a right to be housed in a particular facility or in a particular area within a facility. See 37 Pa.Code § 93.11(a). Thus, Plaintiff has no state created liberty interest to be incarcerated in a particular institution [or housing unit].

McKeither v. Folino, No. CIV.A. 12-0176, 2013 WL 1386632, at *6 (W.D. Pa. Apr. 4, 2013), *aff'd*, 540 F. App'x 76 (3d Cir. 2013).

Accordingly, placing Plaintiff on AC status in the RHU for a period of, at most, 32 days does not impose such an atypical and significant hardship as a matter of law under the facts alleged in the Complaint and so does not deprive him of any liberty interest. See e.g., Griffin v. Vaughn, 112 F.3d 703 (3d Cir. 1997) (confinement in administrative custody for fifteen months

6

with only one hour of exercise per day five days per week did not amount to an atypical and significant hardship and thus did not deprive prisoner of a liberty interest); Smith v. Luciani, No. Civ. A. 97-3037, 1998 WL 151803, at *5 (E.D. Pa. March 31, 1998) ("In this case, plaintiff was subjected to seven months disciplinary time, a period of time half of that implicated in *Griffin*. Therefore, punishment of seven months in administrative custody, does not present 'the type of atypical, significant deprivation [in the context of prison life] in which a state might conceivably create a liberty interest.' *Sandin*, 515 U.S. at 486 (1995)."), aff'd, 178 F.3d 1280 (3d Cir. 1999) (Table). Having been deprived of no liberty interest, Plaintiff was not constitutionally entitled to any process. Hence, whatever process was or was not afforded to Plaintiff is irrelevant because Plaintiff was not denied a liberty interest by his placement on AC status in the RHU for 32 days, and being denied no liberty interest, Plaintiff was not entitled to any procedural due process.

Plaintiff fails to make any allegations that his conditions while he was in administrative custody did expose him to atypical and significant deprivations.

### 2. Plaintiff Fails to State an Eighth Amendment Claim.

Plaintiff appears also to be making an Eighth Amendment conditions of confinement claim. Plaintiff asserts that the conditions of AC status in the RHU constituted cruel and unusual punishment. Plaintiff fails to allege any facts that would rise to the level of an Eighth Amendment violation.

An Eighth Amendment constitutional violation occurs only when two requirements are met. First, there is the objective requirement that the condition "be so serious as to 'deprive prisoners of the minimal civilized measure of life's necessities,' as when it denies the prisoner some basic human need." Harris v. Angelina County, Texas, 31 F.3d 331 (5th Cir. 1994) (citing Wilson v. Seiter, 501 U.S. 294 (1991)). Establishing that one has been deprived of the minimal

civilized measure of life's necessities requires facts showing that one has been denied "basic human needs, such as food, clothing, shelter, sanitation, medical care and personal safety" from physical assault. Griffin v. Vaughn, 112 F.3d 703, 709 (3d Cir. 1997). Second, under a subjective standard, the Court must determine that the prison official responsible for the deprivation was "deliberately indifferent" to inmate health or safety. Farmer v. Brennan, 511 U.S. 825, 837 (1994). The United States Supreme Court has held that "deliberate indifference" occurs when a prison "official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." Id. We find that the Complaint's factual allegations do not allege either the objective prong or the necessary obduracy and wantoness required for an Eighth Amendment claim and that the Complaint's "factual allegations [are not] . . . enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true" within the contemplation of Twombly, 550 U.S. at 555.

Plaintiff's Complaint is deficient as to both the subjective and objective component of an Eighth Amendment claim.

Accordingly, the Complaint fails to allege any facts that state a claim upon which relief can be granted as to either a procedural due process claim or an Eighth Amendment claim.[1]

---

[1] If Plaintiff chooses to file objections to this Report and Recommendation, Plaintiff may allege therein any facts so as to attempt to cure the deficiencies, if he can. See Coulter v. Ramsden, 510 F. App'x 100, 104 (3d Cir.2013) ("Last, a formal amendment to the complaint was unnecessary, because the objections Coulter filed on July 27, 2012 served the same purpose as an amendment in that Coulter used them to cure the defects in her complaint. *See generally Urrutia v. Harrisburg County Police Dept.*, 91 F.3d 451, 454 (3d Cir.1996) (if amendment will cure defects in complaint, it must be permitted). After Coulter clarified her cause of action, it then was clear that a formal amendment would be futile, *see Grayson v. Mayview State Hosp.*, 293 F.3d 103,

(…footnote continued)

## III. CONCLUSION

For the reasons set forth herein, the Petition should be dismissed for failure to state a claim on which relief can be granted.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2

Date: August 25, 2016

Respectfully submitted,

s/Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Nora Barry Fischer
United States District Judge

COREY KING
MC7854
SCI-GREENE
175 PROGRESS DRIVE
WAYNESBURG, PA 15370

All counsel of record via CM/ECF

---

108 (3d Cir. 2002), because of the insufficient factual assertion of the existence of a conspiratorial agreement.").